Lahtinen, J.E
Appeals from two judgments of the County Court of Essex County (Meyer, J.), rendered April 26, 2012, convicting defendant upon her plea of guilty of the crime of attempted forgery in the second degree (two counts).
Defendant was charged in two indictments with various crimes. She pleaded guilty to two counts of attempted forgery in the second degree — one count for each indictment — and waived her right to appeal. County Court thereafter sentenced her to a prison term of 1 to 3 years on each count, the terms to be served consecutively, and recommended that she be placed in the shock incarceration program.
Defendant’s sole contention upon this appeal is that County Court improperly enhanced her sentence by departing from its conditional promise to make the two terms of imprisonment run concurrently. As she concedes, this argument is unpreserved for our review due to her failure to move to withdraw her plea, seek vacatur of the judgments of conviction, or otherwise object at sentencing (see People v DePalma, 99 AD3d 1116, 1117 [2012], lv denied 20 NY3d 1010 [2013]; People v Lewis, 98 AD3d 1186, 1186 [2012]). Her argument is, in any event, without merit. County Court specifically advised defendant that it would not be bound by its conditional sentencing commitment should she fail to cooperate in the preparation of the presentence investiga *1119 tion report and that, under those circumstances, she would not be entitled to withdraw her guilty plea. Defendant thereafter repeatedly attempted to avoid being interviewed by the Probation Department and, during the interview itself, gave evasive and contradictory responses to questions. Inasmuch as defendant was “fully informed during the plea colloquy of the conditions of the plea agreement and the consequences for noncompliance,” and the record demonstrates that she violated one of those conditions, we decline to exercise our interest of justice jurisdiction and take corrective action (People v Coffey, 77 AD3d 1202, 1204 [2010], lv denied 18 NY3d 882 [2012]; see People v Hicks, 98 NY2d 185, 188-189 [2002]; People v Godfrey, 33 AD3d 623, 624 [2006], lv denied 8 NY3d 846 [2007]; cf. People v Becker, 80 AD3d 795, 796-797 [2011]).
Rose and Egan Jr., JJ., concur.